UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DIMITRIC FREEMAN, | ) |
|             Plaintiff, | ) |
|             v. | ) No. 2:21-cv-00473-JPH-MG |
| FRANK LITTEJOHN, | ) |
| RICHARD BROWN, | ) |
| K. GILMORE, | ) |
| VANIHEL, | ) |
| ANDREAN MASON, | ) |
|             Defendants. | ) |

**Order Screening Complaint and Directing Service of Process**

Plaintiff Dimitric Freeman is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this civil action that the defendants violated his due process rights by placing him in segregated housing for over a year without meaningful periodic review of his placement. Because Mr. Freeman is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint names five defendants: Wardens Richard Brown and Vanihel, Assistant Superintendents Frank Littlejohn and K. Gilmore, and Classification Supervisor Andrean Mason. Mr. Freeman alleges that the defendants placed him in restrictive housing between March 18, 2020, and October 6, 2021, for no disciplinary reason. As a result, he was removed from educational programming and had less access to law library, recreation, showers, and the cafeteria than inmates in general population. During this time, he received no periodic reviews of his placement. He seeks compensatory and punitive damages.

## III. Discussion of Claims

Mr. Freeman's Fourteenth Amendment due process claim shall proceed as pleaded in the complaint. This is the only claim identified by the Court. If Mr. Freeman believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 23, 2021,** in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue electronic process to defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/28/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DIMITRIC FREEMAN
191895
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

    Warden Vanihel
    Assistant Superintendent K. Gilmore,
    Classification Supervisor Andrean Mason
        (All at Wabash Valley Correctional Facility)

    Frank Littlejohn at Branchville Correctional Facility

    Richard Brown at IDOC Central Office