UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DIMITRIC FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00473-JPH-MG |
| | ) |
| FRANK LITTEJOHN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dimitric Freeman alleges in this civil action that Defendants violated his due process rights by placing him in "G Cellhouse" for over a year without meaningful periodic review of his placement. Defendants have filed a motion for summary judgment, arguing that G Cellhouse is not a segregation unit and, thus, Mr. Freeman was not entitled to meaningful periodic review of his placement there. Dkt. [41]. Because there is no evidence in the record that conditions in G Cellhouse posed an atypical and significant hardship when compared to conditions in general population, Defendants' motion is **GRANTED**.

# I.
# Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## II.
## Surreply

Mr. Freeman filed a surreply for the purpose of submitting the prison policy related to restricted movement units such as G Cellhouse. Dkt. 55. Local Rule 56-1(d) only permits a surreply "if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." Although Mr. Freeman's surreply does not comply with the Local Rule, the Court considers the policy and Mr. Freeman's arguments in opposition to summary judgment.

## III.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. Freeman was assigned to G Cellhouse from March 18, 2020, to October 6, 2021. Freeman Deposition, dkt. 41-2 at 10. Prison officials consider G Cellhouse to be a general population unit with restricted movement, instead of a segregation unit. Ellis Declaration, dkt. 41-1 at ¶¶ 4-6. Half of the unit is allowed out of their cells at a time and inmates have the same visitation privileges as inmates in general population. *Id.* at ¶ 5. In addition, inmates in G Cellhouse can order from the same commissary list as inmates in general population. Operation of Restricted Movement Units, dkt. 55-1 at 7.

While in G Cellhouse, Mr. Freeman received recreation time every two to three days and was able to shower three to four times per week. Dkt. 41-2 at 12-13. Instead of eating in the cafeteria, inmates had to eat in their cells. *Id.* at 12. Sometimes he was unable to go to the law library. *Id.* at 14. He does not know if any of these restrictions were related to COVID-19 protocols. *Id.* at 12.

### III.
### Discussion

"Prisoners do not have a constitutional right to remain in the general population." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). "Nevertheless . . . the Fourteenth Amendment provides to inmates a liberty interest in avoiding placement in more restrictive conditions, such as segregation, when those conditions pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). And, once an inmate enters such conditions, "the Due Process Clause mandates that prison officials periodically review whether an inmate . . . continues to pose a threat." *Isby*, 856 F.3d at 524.

To prove a Fourteenth Amendment liberty interest, a plaintiff must do more than show that he faced conditions "harsher than those of inmates in the general population." *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997). The plaintiff's conditions must be "unusually harsh" compared to those of the general population. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009).

The undisputed record in this case reveals that the conditions in G Cellhouse were not unusually harsh. Mr. Freeman spent recreation time outside his cell with other inmates. He was sometimes permitted to visit the law library and had the same visitation privileges as inmates in the general population. No reasonable factfinder could determine that Mr. Freeman was confined under conditions that "pose[d] an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend*, 522 F.3d at 771. This is particularly true given the timing of stay in G Cellhouse—at the beginning of the COVID-19 pandemic when nearly everyone's movement was restricted. Recognizing a due process right under these circumstances would be tantamount to recognizing a "right to remain in the general population," *Isby*, 856 F.3d at 524.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [41], is **GRANTED.** Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DIMITRIC FREEMAN
191895
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN  47838

5

Rudy Longman
McCready, Garcia & Leet, P.C.
Rudy@mccreadylaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Rudy Longman
McCready, Garcia & Leet, P.C.
Rudy@mccreadylaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Rudy Longman
McCready, Garcia & Leet, P.C.
Rudy@mccreadylaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com